**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4027**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID EARL FOX,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:17-cr-00053-CCE-15)

Submitted: August 9, 2018                          Decided: August 28, 2018

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Earl Fox appeals his 121-month sentence imposed following his guilty plea to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). On appeal, Fox challenges the adequacy of the district court's sentencing explanation and the substantive reasonableness of his sentence. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court adequately explained the chosen sentence, *see id.* at 51, and whether the court addressed any nonfrivolous arguments for a different sentence, *see United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017). The sentencing explanation need not be extensive as long as we are satisfied that the district court "has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Engle*, 592 F.3d 495, 500 (4th Cir. 2010) (brackets and internal quotation marks omitted).

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a

presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

The district court imposed a sentence at the low end of Fox's Sentencing Guidelines range, concluding that a 121-month sentence was necessary to afford just punishment and to deter Fox from committing further crimes. *See* 18 U.S.C. § 3553(a)(2)(A), (B). In reaching this decision, the court relied on Fox's criminal history, his attempt to accept responsibility by pleading guilty, the seriousness of the offense, and his conduct while on pretrial release, which included using and selling methamphetamine. The court also addressed each of Fox's sentencing arguments, reasoning that they did not warrant the variance sentence that Fox requested, but noting that Fox's arguments would factor into the court's sentencing decision. Thus, our review of the sentencing transcript reveals no abuse of discretion in the district court's thorough sentencing explanation. Furthermore, Fox points to nothing in the record that rebuts the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*